**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2222
_____

PETER SAUERS,

Appellant

v.

LOWER SOUTHAMPTON TWP; GALMAN GRP;
NICO LANDSCAPING INC; VILLAGE STYLE COMMERCIAL RETAIL
A/K/A Stone Gate Village

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 09-cv-05364)
District Judge:  Honorable Berle M. Schiller

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 3, 2010
Before:  AMBRO, HARDIMAN and STAPLETON, <u>Circuit</u> <u>Judges</u>

(filed: December 13, 2010 )

_____

OPINION
_____

PER CURIAM

Peter Sauers, proceeding *pro se*, appeals the order dismissing his civil rights

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following

reasons, we will affirm.

I

Sauers is a resident of Lower Southampton Township in Bucks County, Pennsylvania. In 2008, he learned that the Township was considering rezoning a parcel of land adjacent to his property from residential to commercial for the purpose of building a shopping development. Sauers and his neighbors attended a public hearing in December 2008 to voice their opposition. The debate apparently became heated; at one point, a Township supervisor told Sauers that he needed to leave the township. At the end of the hearing, the Board of Supervisors did not approve the rezoning.

Then, in April 2009, the Board of Supervisors issued a public notice that they would reconsider the rezoning issue. After a public hearing, the Board voted to rezone the parcel for commercial development. Although Sauers tried to challenge the zoning decision in state court, he was unsuccessful, in his view, because public records relating to the decision have been concealed or altered. He has also received what he considers harassing notices about false violations of various Township codes and regulations.

In his amended complaint, Sauers raised several claims under federal and state law. First, he alleged that the rezoning violated his substantive due process rights under the United States Constitution and Pennsylvania law because (1) the rezoning diminished the value and enjoyment of his home and (2) the decision was procured by fraud. He also argued that his federal and state procedural due process rights were violated because the

2

Township (1) failed to give him notice that it would reconsider the zoning decision and (2) reconsidered the decision outside of the period authorized by Pennsylvania law. Sauers further alleged that, under Pennsylvania law: (1) the Township violated Pennsylvania's Right to Know and Open Records Law; (2) Township Supervisor Mike Connelly defamed him when he told Sauers, "[y]ou should get out of this township like you did Bensalem"; and (3) the Township issued Sauers a sham Notice of Violation in retaliation for his objections to the rezoning.

The Township filed a motion to dismiss under Rule 12(b)(6). The District Court granted the motion, reasoning that Sauers failed to sufficiently allege a violation of his federal due process rights. The District Court declined to exercise supplemental jurisdiction over Sauers' state law claims, with the exception of his defamation/false light claim, which the District Court dismissed as time-barred. Sauers filed a timely notice of appeal.

II

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* a district court's decision to dismiss a complaint for failure to state a claim upon which relief may be granted. See Dique v. New Jersey State Police, 603 F.3d 181, 188 (3d Cir. 2010). "In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009)

3

(internal citation and quotation marks omitted). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

We agree with the District Court that Sauers failed to allege a substantive due process violation. To succeed on his federal substantive due process claim premised on a zoning decision, Sauers must allege executive action that "shocks the conscience." See United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392, 401 (3d Cir. 2003). This standard "encompasses 'only the most egregious official conduct.'" Id. at 400 (quoting Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)). A landowner's mere disagreement with a municipality's zoning decision is insufficient to state a substantive due process claim. See Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 286 (3d Cir. 2004). As the District Court correctly reasoned, Sauers's disagreement with the zoning decision was insufficient to state a federal substantive due process claim. Sauers contended that the Township's zoning decision was procured by fraud, thus satisfying the "shocks the conscience" test. However, Sauers's conclusory allegation was also insufficient to state a due process claim. See Iqbal, 129 S. Ct. at 1949.

Next, Sauers alleged that the Township violated his right to procedural due process. Sauers's claim that the Township denied him notice that the rezoning decision would be reconsidered was plainly meritless. Sauers included a copy of the Township's

4

notice for the April 2009 public meeting with his amended complaint, and he admitted in the complaint that the Township sent him the notice. Sauers also argued that his procedural due process rights were violated when the Township voted to approve the rezoning measure after the period allowed by Pennsylvania law. However, as the District Court reasoned, the statute to which Sauers referred -- 53 Pa. Stat. Ann. § 11002-A -- was inapposite. Section 11002-A governs the time in which a party appealing a land use decision by a zoning hearing board may seek review in a court of common pleas. It had no bearing on whether the Township's Board of Supervisors could reconsider an earlier rezoning decision, and Sauers has identified no other authority suggesting that the Township's conduct was procedurally improper.

We also agree with the District Court that Sauers's defamation and false light claims were time-barred. Pennsylvania imposes a one-year statute of limitations on defamation and false light claims. See Pa. Cons. Stat. Ann. § 5523(1). The allegedly defamatory statement of which Sauers complained was uttered on December 10, 2008, but he did not amend his complaint to include a claim for defamation or false light until February 2010. See D. Ct. Doc. No. 10.

Finally, it was appropriate for the District Court to decline to exercise jurisdiction over Sauers's remaining state law claims. See Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the

5

pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.").

Accordingly, we will affirm the judgment of the District Court.